IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR BONDARUK**<br>　　　　*Plaintiff*,<br>　　　　vs.<br>**PNC BANK**<br>　　　　*Defendant*. | Case No.: 2:20-cv-05979-NIQA |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACT IN OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to F.R.C.P. Rule 56(a)(1), Plaintiff Victor Bondaruk ("Bondaruk" or "Plaintiff"), through his attorneys, submits Plaintiff's Response to Defendant's Statement of Undisputed Material Facts in opposition to its Motion for Summary Judgment.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted in part and denied in part. It is admitted that Plaintiff qualified to participate in P.N.C.'s Sales Incentive Program and was eligible to earn incentive pay based on qualified referrals. It is denied that the Customer Referral Requirements required a valid referral opportunity to be immediately entered into Genesis. Defendant's document on customer Referral states that it should be entered no later than the same calendar day the application was started. See Plaintiff's Exhibit 3. If the application has not been started, there is no requirement to put in the

referral. When Plaintiff was discharged, Defendant never alleged that Plaintiff was required to enter the referral immediately. It is admitted that as part of the checklist, the employee is required to have a personal conversation with the customer. It is admitted that the Customer Referral Requirements state, "[i]f you cannot confidently check all of these items, your conversation is not referral eligible. Do not enter a referral." By way of further answer, the Customer Referral Requirements do not deprive the Plaintiff of his referral benefit if the referral is put into Genesis at the end of the day or the next day. It is admitted that the Customer Referral Requirements provide "[s]ubmitting an invalid referral for the purpose of meeting performance goals and/or obtaining sales credit for incentive may be considered a dishonest act in violation of P.N.C.'s Code of Business Conduct and Ethics and P.N.C.'s Fidelity Bonding Policy and may result in immediate termination of employment."

    7.    Admitted.

    8.    Plaintiff does not have information to admit or deny the truth or veracity of this statement and therefore denies same.

    9.    Admitted in part and Denied in part. It is denied as stated in response to paragraph (6) six, that a referral had to be immediately entered. By way of further answer , the rule specifically links the referral to the application day. When Plaintiff was terminated, Defendant only accused Plaintiff of violating the same-day referral rule, a conclusion which he challenged in his deposition. Plaintiff's Deposition, Exhibit 1. (Ex. 1, Pl's. Dep. pp.199: 21-22, 200:4-7.)

    10.    Denied. Denied that Plaintiff received any final warning. ( Ex. 1, Pl's.Dep. pp. 218:9-20, 222:15-223:11.) Denied that Plaintiff admitted he violated any procedure. The account in question was sporadic, and his prior manager had told him that there were two ways to open it, a test can be taken, or the client can be sat with, one-on-one. Plaintiff had a one-on-one

conversation with the client. (Ex. 1, Pl's.Dep. 218:2-15.) Admitted that Schweda determined that Plaintiff violated P.N.C.'s policy and departmental procedure.

11. Admitted that Plaintiff made internal complaints about Vaughnson and other employees. Denied that those internal complaints did not communicate discrimination on the basis of national origin. (Ex. 1, Pl's.Dep.pp. 79:10-23., 80:7-9., 80:19-24., 82:19-83:6., 83:14-23., 84:22-85:4.,86:4-10.,86:23-87:8.,89:7-90:13.,93:3-15.,103:3-5.,107:12-18.,94:6-25.,107:19-20.,106:114-5.,191:4-17.,109:13-17., 105:9-12., 95:2-19., 98:8-14., 99:11-18.,131:18-25.,138:19-24., 101:21-25., 194:22-24., 146:25-147., 151:12-15., 151:18-21., 172:9-16., 178:3-7.,176:7-177:2.)

12. Admitted that Plaintiff used the word 'unethical' in almost every complaint he sent to DiSandro when complaining about Vaughnson behavior. Denied that Plaintiff did not complain about his treatment because of his national origin as stated, in Plaintiff's response to paragraph 11, above.

13. Admitted only that, Plaintiff's selective quoting from its own record is as written.

14. Admitted that DiSandro created such an email. Denied that Plaintiff had not spoken to the client that day. ( Ex. 1, Pl's.Dep.pp:199: 21-22., 200:4-7.)

15. Denied. See answer to 11, *supra*.

16. Denied that Schweda initiated or could initiate a bona fide investigation on false facts. Admitted that Schweda spoke with Plaintiff on October 11, 2019. Defendant omits critical aspects of the conversation in order to give a false impression. As stated, Plaintiff spoke with the client in the morning and requested to know when he was supposed to come. In fact, he spoke with the client almost every day. Plaintiff accuses Vaughnson of stealing the client from him. (Ex. 1, Pl's.Dep.pp:199: 18-22., 200:4-7.)

4884-6031-2332, v. 16

17. Denied. Defendant has adduced no cognizable evidence that Schweda reached any such conclusion.

18. Denied that Plaintiff's Exhibit I supports the conclusion that Schweda made any recommendation to terminate Plaintiff's employment.

19. It is admitted that Plaintiff does not directly accuse Schweda of discrimination.

20. Admitted in part and denied in part. When Plaintiff was hired, it is admitted that the Russian language was "preferred." There is circumstantial evidence that Vaughn Vaughnson was involved in hiring Plaintiff's replacement. Vaughn Vaughnson was the manager of the Welsh Road branch, just as Vanessa Hall was before him. There is no indication that anyone except Vaughnson was involved in hiring Plaintiff's replacement, just as any branch manager would be involved in hiring the person who would work at their bank. (Ex. 1, Pl's. Dep.pp:194:6-22.)

21. Denied that Plaintiff first 'believed' that Plaintiff Vaughnson's treatment constituted national origin discrimination after his discharge when he began researching Pennsylvania employment laws. Rather, Plaintiff realized that Vaughnson's treatment had constituted national origin discrimination. (Ex. 1, Pl's. Dep.pp:111:5-112:15.)

22. Admitted in part. Defendant has selected certain portions of Plaintiff's E.E.O.C. complaint, which, as a whole, speaks for itself.

23. Admitted. By way of further answer, it was not important because Plaintiff wanted to find out what was going on exactly. Therefore, he chose not to escalate this at that precise moment because he understood that Defendant was trying to terminate him. Plaintiff was attempting to get his job back and leave for another bank. (Ex. 1, Pl's.Dep.pp: 164:19-165:8.)

24. Denied. Plaintiff has no information to deny or affirm the truth or veracity of this allegation and therefore denies same. By way of further answer, the table is irrelevant because it

only identifies race and not national origin.

25. Plaintiff has no information regarding the truth or veracity of this statement and therefore denies same. By way of further answer, simply because others have not filed complaints against Shweda, DiSandro, and/or Vaughnson for National Origin discrimination does not in any way diminish Plaintiff's case. On the contrary, since Plaintiff was the only Ukrainian/Russian, the lack of other internal complaints implies that Plaintiff was indeed singled out based on National Origin.

                    Respectfully submitted,

By: *s/ Timothy M. Kolman*
      Timothy M. Kolman, Esquire (Pa Bar No. 51982)

**KOLMAN LAW P.C.**
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.com

*Attorneys for Plaintiff*